UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARCHIE LEE THOMAS, JR.,

    Petitioner,

v.                                                      Case No. 02-CV-73840-DT
                                                      Hon. Lawrence P. Zatkoff

KENNETH ROMANOWSKI,

    Respondent.

_____/

**<u>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT</u>**

This matter comes before the Court on Petitioner's Motion for Relief from Judgment [dkt 51]. Petitioner challenges this Court's Opinion and Order dated December 2, 2003 [dkt 36], in which the Court dismissed Petitioner's Petition for Writ of Habeas Corpus as time-barred. For the reasons set forth below, Petitioner's Motion is DENIED.

**I. INTRODUCTION**

Petitioner filed a Petition for Writ of Habeas Corpus on September 25, 2002. On March 14, 2003, Respondent filed his Motion for Summary Disposition and Dismissal of Petition for Writ of Habeas Corpus. On September 16, 2003, Petitioner responded to the Motion. On December 2, 2003, this Court granted Respondent's Motion and dismissed Petitioner's Petition as time-barred. Petitioner filed this Motion for Relief from Judgment on May 29, 2007. Petitioner bases his Motion on the Sixth Circuit Court of Appeals decision, *Griffin v. Rogers*, 399 F.3d 626 (6th Cir. 2005), which he alleges warrants the immediate reversal of this Court's December 2, 2003, Opinion and Order.

## II. DISCUSSION

Persons in custody are subject to a one-year statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d). The limitations period is tolled during post-conviction motions for relief. In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit adopted a stay-and-abeyance procedure whereby habeas petitions raising both exhausted and unexhausted claims may be stayed pending the petitioner's exhaustion of all claims. This procedure is conditioned upon the petitioner pursuing state-court remedies within a brief interval, typically 30 days, after the stay is entered and returning to federal court within a similarly brief interval, typically 30 days, upon completion of state-court exhaustion. *See Griffin*, 399 F.3d at 628.

Petitioner bases his Motion on the Sixth Circuit's decision in *Griffin*. That case stands for the proposition that the 30-day rule of equitable tolling announced in *Palmer* is not one of strict adherence. Put more simply, the 30-day rule does not foreclose consideration of traditional equitable tolling principles. In accordance with its ruling, the *Griffin* court set aside the lower court's opinion because it rejected the petitioner's request for equitable tolling. The *Griffin* court then determined that the petitioner was entitled to equitable tolling under the circumstances, but the court was careful to "announce no general rule of equitable tolling that will sweep in all similarly-situated litigants. It remains a case-by-case determination." 399 F.3d at 639. In Petitioner's case, this Court did not apply a rigid 30-day rule. On the contrary, the Court considered traditional equitable tolling considerations on several occasions. In its December 2, 2003, Opinion and Order, the Court cited the equitable tolling principles delineated in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), and concluded that "Petitioner's alleged ignorance of the effects of his delay was not reasonable. This is not an appropriate case for equitable tolling." *Thomas v. Romanowski*, No. 02-

73840, slip op. at 10 (E.D. Mich. Dec. 2, 2003). The Court again considered the *Andrews* factors as they relate to Petitioner in its Order Denying Certificate of Appealability and Granting Application to Proceed Without Prepayment of Fees and Costs [dkt 47].

Having already considered traditional equitable tolling principles, the Court is not affected by the *Griffin* opinion. Because the Petition was untimely under 28 U.S.C. § 2244, it was properly dismissed. Therefore, Plaintiff's Motion for Relief from Judgment is HEREBY DENIED.

       IT IS SO ORDERED.

                                     s/Lawrence P. Zatkoff
                                     LAWRENCE P. ZATKOFF
                                     UNITED STATES DISTRICT JUDGE

Dated: February 25, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 25, 2008.

                                     s/Marie E. Verlinde
                                     Case Manager
                                     (810) 984-3290